UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| CTM Auto Repair Incorporated, | ) | CASE NO. 21-12066 |
| | ) | |
| DEBTOR. | ) | HON. LASHONDA A. HUNT |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **Thursday, December 16, 2021, at 11:30 a.m.**, I shall appear before the Honorable LaShonda A. Hunt, Bankruptcy Judge or before any other Bankruptcy Judge who may be sitting in her place and shall present the **UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE PURSUANT TO 11 U.S.C. 1112(b) (RECOMMENDING CONVERSION)**, a copy of which is attached and served on you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, (1) use this link: https://www.zoomgov.com/join. (2) Enter the meeting ID 161 165 5696. (3) Enter the passcode 7490911

**To appear by telephone**, (1) call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 161 165 5696. (3) Enter passcode 7490911.

**When prompted identify yourself by stating your full name.**

**To reach Judge Hunt's web page** go to www.ilnb.uscourts.gov and click on the tab for Judges.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

/s/ *David Paul Holtkamp*
David Paul Holtkamp, Trial Attorney
Office of the U.S. Trustee
219 S. Dearborn, Room 873
Chicago, IL 60604
(312) 353-5014

## CERTIFICATE OF SERVICE

    I, David Paul Holtkamp, Trial Attorney, certify that on December 2, 2021, I caused to be served copies of **UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE PURSUANT TO 11 U.S.C. 1112(b) (RECOMMENDING CONVERSION)** on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and *via* First Class US Mail by BMC Group on all other entities shown at the addresses listed below. A supplement to this Certificate of Service from BMC Group will be filed.

                                                                 */s/ David Paul Holtkamp*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice:**

- **Ben L Schneider**   ben@windycitylawgroup.com, mstone@windycitylawgroup.com;ebrandes@windycitylawgroup.com
- **Neema T Varghese**   nvarghese@nvconsultingservices.com
- **Xiaoming Wu**   notice@billbusters.com, billbusters@iamthewolf.com; billbusters@ecf.inforuptcy.com;wuxr80263@notify.bestcase.com; ledfordsr80263@notify.bestcase.com

**Parties Served via First Class Mail**:

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 21-12066<br>Northern District of Illinois<br>Eastern Division<br>Wed Dec  1 13:40:03 CST 2021 | CTM Auto Repair Incorporated<br>311 W. 31st St.<br>Chicago, IL 60616-3604 | Department of the Treasury<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Internal Revenue Service<br>Mail Stop 5014CHI<br>230 S. Dearborn Street, Room 2600<br>Chicago, IL 60604-1705 | Union Property Chicago LLC<br>Huan Yi Fang, Registered Agent<br>301-325 W 31st St<br>Chicago, IL 60616-3604 | U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1702 |
| CTM Law Group<br>77 W. Washington St.<br>Suite 2120<br>Chicago, IL 60602-2995 | Carlton McIntosh<br>1400 E. 55th Pl.<br>Apt. 206 S.<br>Chicago, IL 60637-1809 | Department of Treasury<br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| First Midwest Bank<br>8750 W. Bryn Mawr Ave.<br>Suite 1300<br>Chicago, IL 60631-3655 | (p)ILLINOIS DEPARTMENT OF REVENUE<br>BANKRUPTCY UNIT<br>PO BOX 19035<br>SPRINGFIELD IL 62794-9035 | Laredo's Auto Parts<br>3001 W. 26th St.<br>Chicago, IL 60623-4129 |
| Mraibie and Associates<br>14600 John Humphries Dr.<br>Orland Park, IL 60462-2642 | (p)PEOPLES GAS LIGHT & COKE COMPANY<br>200 EAST RANDOLPH ST<br>CHICAGO IL 60601-6433 | Union Property Chicago, LLC<br>2830 South Shields Avenue<br>Chicago, IL 60616-2626 |
| Ben L Schneider<br>Schneider & Stone<br>8424 Skokie Blvd.<br>Suite 200<br>Skokie, IL 60077-2568 | Neema T Varghese<br>NV Consulting Services<br>701 Potomac, Ste 100<br>Naperville, IL 60565-3422 | Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604-2027 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| IL Dept of Revenue<br>Bankruptcy Section<br>PO Box 19035<br>Springfield, IL 62794 | PEOPLES GAS LIGHT & COKE COMPANY<br>200 EAST RANDOLPH STREET<br>CHICAGO, IL 60601 | (d)People's Gas Light and Coke Co.<br>200 E. Randolph St.<br>Chicago, IL 60601 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)Internal Revenue Service<br>Mail Stop 5014CHI<br>230 S. Dearborn Street, Room 2600<br>Chicago, IL 60604-1705 | End of Label Matrix<br>Mailable recipients    17<br>Bypassed recipients     1<br>Total                  18 |

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**CTM AUTO REPAIR INCORPORATED**,<br><br>DEBTOR. | CHAPTER 11<br>CASE NO. 21-BK-12066<br><br>HON. LASHONDA A. HUNT<br><br>**ZOOM HEARING**<br>HEARING DATE: DECEMBER 16, 2021<br>HEARING TIME: 11:30 A.M. |

### UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE PURSUANT TO 11 U.S.C. § 1112(b) (RECOMMENDING DISMISSAL)

Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "*U.S. Trustee*"), by and through his attorney, David Paul Holtkamp, moves pursuant to 11 U.S.C. § 1112(b), for an order dismissing the above captioned chapter 11 case filed by CTM Auto Repair Incorporated (the "*Debtor*") for "cause." In support of this motion, the U.S. Trustee states as follows:

### INTRODUCTION

1. The Debtor filed a skeletal petition on October 22, 2021. That petition reflects that the Debtor took out two paycheck protection program loans for a total of $140,000. It also reflects that the Debtor owes significant amounts to the IRS. Since filing the petition, however, the Debtor has not prosecuted this case in any way. The Debtor has not filed any schedules, a statement of financial affairs, any other required documents. The Debtor also failed to appear at the 341 meeting of creditors.

2. The Debtor's attorney has now filed a motion to withdraw as counsel citing his inability to "effectively communicate" with the Debtor. For these reasons, and as

1

stated more fully below, this case should be dismissed for cause under 11 U.S.C. § 1112(b).

## JURISDICTION

3. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine pursuant to IOP 15(A) and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

4. Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The U.S. Trustee has standing to file the Motion under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3).

## FACTUAL SUMMARY

6. The Debtor filed this case on October 22, 2021. *See* Petition, Dkt. No. 1.

7. Along with the petition the Debtor filed a list of 20 largest unsecured creditors. *See id*.

8. The Debtor has not filed any other documents required to be filed under 11 U.S.C. § 521 including the schedules and statement of financial affairs.

9. The § 341 meeting of creditors was held on November 29, 2021, at 1:30 pm. Debtor's counsel appeared, however, the Debtor's representative did not. The meeting was continued.

10. At the meeting Debtor's counsel represented that he did not think the Debtor's representative would appear at the meeting because counsel had lost contact with him.

11. Debtor's counsel filed a motion to withdraw as counsel on November 11, 2021. *See* Dkt. No. 11. That motion is set for presentment on December 16, 2021, at 11:30 am.

12. No new counsel has appeared for the Debtor or requested to substitute into this case.

## ARGUMENT

### I. Cause Exists to Dismiss this Case.

13. In relevant part, § 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to Chapter 7 or dismiss the case, whichever is in the best interests of creditors of the estate, so long as the movant establishes "cause." *See* 11 U.S.C. § 1112(b)(1).

14. Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. *See* 11 U.S.C. § 1112(b)(4)(A)-(P). This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in section 1112(b)(4). *See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); *In Matter of Strug-Division*, LLC, 375 B.R. 445, 448 (Bankr. N.D. Ill. 2007). An additional unenumerated ground to convert or dismiss is the debtor's lack of good faith in filing the case. *See In re LBJV, Ltd.*, 544 B.R. 401,

404 (Bankr. N.D. Ill. 2016). Here, several of the enumerated grounds for dismissal are present.

15. First, § 1112(b)(4)(F) provides that cause exists when there is an "unexcused failure to satisfy timely any filing or reporting requirements established by this title or by any rule applicable to a cause under this chapter." 11 U.S.C. § 1112(b)(4)(F).

16. Pursuant to Rule 1007, debtors have 14 days to file their § 521 documents, including their schedules and statement of financial affairs. *See* Fed. R. Bankr. P. 1007(c). That deadline has long since passed in this case and there is no indication that the Debtor is willing or able to file those required documents anytime soon. This failure along requires dismissal.

17. Second, § 1112(b)(4)(H) provides that cause exists when there is a "failure to attend the meeting of creditors convened under section 341(a)[.]" 11 U.S.C. § 1112(b)(4)(F).

18. The Debtor did not appear at the 341-meeting convened by the U.S. Trustee on November 29, 2021, and there was no indication that the Debtor's representative intended to appear at any continued meeting. This also requires dismissal.

19. Additionally, as provided above, "cause" under § 1112(b) is not limited to just those grounds enumerated. Cause also includes any other basis that justifies dismissal or conversion of the case. Here, the Debtor has abandoned the prosecution of this case and therefore it cannot move forward. The only option now is to dismiss the case. Cause exists to dismiss.

4

## II. Shortened Notice.

20. The Debtor's counsel has noticed up his motion to withdraw from representation for December 16, 2021, at 11:30 am. It is likely that the court will grant that motion leaving the Debtor corporation without counsel and the inability to act *pro se.*

21. The U.S. Trustee, therefore, requests that this court shorten notice to that given to allow the motion to dismiss to be heard at the same time as the motion to withdraw filed by counsel. The U.S. Trustee has mailed notice to all creditors that the Debtor provided and given sufficient notice under the circumstances.

## CONCLUSION

WHEREFORE, the U.S. Trustee respectfully requests this Court enter an order dismissing this case, or alternatively, converting this case to a case under Chapter 7 of the Bankruptcy Code, and for such other relief as this Court deems just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

Dated: December 2, 2021   By:   /s/ David Paul Holtkamp
David Paul Holtkamp, Trial Attorney
Office of the U.S. Trustee
219 S. Dearborn St., Room 873
Chicago, Illinois 60604
202-567-1489

5